UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:


ALINA PEREZ,

      Plaintiff,

v.

FOUNDATION FOR PUBLIC RELATIONS
RESEARCH AND EDUCATION, INC.,
d/b/a INSTITUTE FOR PUBLIC RELATIONS,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, ALINA PEREZ (hereinafter, "Plaintiff" or "Perez"), by and through undersigned counsel, hereby sues Defendant, FOUNDATION FOR PUBLIC RELATIONS RESEARCH AND EDUCATION, INC. d/b/a INSTITUTE FOR PUBLIC RELATIONS (hereinafter, "Defendant" or "IPR"), on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff, ALINA PEREZ, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to her by the Defendant's discriminatory treatment on the basis of their sincerely held religious beliefs.

### JURISDICTION AND VENUE

2.  This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees and costs.

3.  This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

5.  The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6.  Plaintiff, ALINA PEREZ, is a resident of Miami-Dade County, who was employed by Defendant IPR and is a member of certain protected classes of persons by virtue of her sincerely held religious beliefs.

7.  Plaintiff Perez was hired by Defendant IPR as a Communication and Events Manager.  Plaintiff Perez submitted a signed, written request for a religious exemption and accommodation from IPR's Mandatory COVID-19 Vaccination Policy, but IPR refused to provide a reasonable accommodation and ultimately terminated Plaintiff Perez in retaliation for Perez having engaged in statutorily protected activity.  Plaintiff Perez is a major contributor to her family's income and

has a baby who depends on her employment for care and support.  The loss of Plaintiff's employment has been devastating to her family – not only financially, but medically, emotionally and physically.

8. Plaintiff's initial religious exemption application was denied as well as any reasonable accommodation for her sincerely held religious beliefs.

9. Corporate Defendant, FOUNDATION FOR PUBLIC RELATIONS RESEARCH AND EDUCATION, INC. d/b/a INSTITUTE FOR PUBLIC RELATIONS is a non-profit corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court. Defendant also conducts business under the name of INSTITUTE FOR PUBLIC RELATIONS.

10. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce who has more than 15 employees, for each working day in each of 20 or more calendar weeks at all relevant times, as required by Section 701 (b), (g), and (h) of Title VII, 42 U.S.C. §2000e (b), (g), and (h).

<u>PROCEDURAL REQUIREMENTS</u>

11. All conditions precedent to this action has been fulfilled. On or about March 20th, 2022, Plaintiff Perez dual-filed her Charge of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaint.   On or about January 3rd, 2023, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of Discrimination.  *See* **composite Exhibit "A."**

## STATEMENT OF FACTS

### A. IPR'S MANDATORY AND DISCRIMINATORY COVID-19 VACCINATION POLICY.

12. At the time of Plaintiff Perez's employment, Defendant IPR had a policy mandating COVID-19 vaccines for its employees.

13. IPR never intended to grant exemptions or accommodations for its employees who requested them.

14. Defendant IPR's Mandatory COVID-19 Vaccination Policy did not take into account individuals who have already recovered from COVID-19 and thus have antibodies or natural immunity, nor did it take into account alternative measures such as face coverings, personal protective equipment, self-monitoring and reporting of symptoms, or periodic testing.

15. Defendant IPR's Mandatory COVID-19 Vaccination Policy contrasted with and flouted the Federal Government's recent announcement that the Department of Labor is developing a rule to require certain large employers to mandate vaccination **or** periodic testing for their employees. **IPR did not provide a testing alternative for any of its employees, as the Federal Government contemplates to be sufficient**.

16. Indeed, many healthcare systems around the country, including many in Florida, have shown that the important policies of accommodating sincerely held religious beliefs and protecting health and safety of patients and fellow healthcare workers can coexist.

17. There is nothing different or unique about IPR's business that requires IPR to flout the recommendations and requirements of State and Federal agencies, and to

refuse to accommodate its religiously-exempt employees.

18. IPR's refusal to exempt and accommodate its employees' sincerely held religious convictions is the product of IPR's animus towards, and discrimination against, its employees because of their religious beliefs.

### B. PLAINTIFF AND HER SINCERELY HELD RELIGIOUS BELIEFS.

19. Plaintiff has sincerely held religious beliefs that precluded her from complying with IPR's Mandatory COVID-19 Vaccination Policy because of the connection between all three COVID-19 vaccines (in their origination, production, development, or testing), and the cell lines of aborted fetuses.

20. A fundamental component of Plaintiff's sincerely held religious beliefs is that all life is sacred, from the moment of conception to natural death, and that abortion is a grave sin against God and the murder of an innocent life.

21. Plaintiff's sincerely held religious beliefs are rooted in Scripture's teachings that "[a]ll Scripture is given by inspiration of God, and is profitable for doctrine, for reproof, for correction, [and] for instruction in righteousness." *2 Timothy* 3:16 (KJV).

22. Because of that sincerely held religious belief, Plaintiff believes that she must conform her life, including her decisions relating to medical care, to the commands and teaching of Scripture.

23. Plaintiff has sincerely held religious beliefs that God forms children in the womb and knows them prior to their birth, and that because of this, life is sacred from the moment of conception. *See Psalm* 139:13-14 ("For you formed my inward parts; you knitted me together in my mother's womb. I praise you, for I am

fearfully and wonderfully made." (ESV)); *Psalm* 139:16 ("Your eyes saw my unformed substance; in your book were written, every one of them, the day that were formed for me, when as yet there was none of them." (ESV)); *Isaiah* 44:2 ("the Lord that made thee, and formed thee from the womb . . ." (KJV)); *Isaiah* 44:24 ("Thus saith the Lord, thy redeemer, and he that formed thee from the womb, I am the Lord that maketh all things." (KJV)); *Isaiah* 49:1 ("The Lord hath called my from the womb; from the bowels of my mother hath he made mention of my name." (KJV)); *Isaiah* 49:5 ("the Lord that formed me from the womb to be his servant" (KJV)); *Jeremiah* 1:5 ("Before I formed thee in the belly I knew thee; and before thou camest forth out of the womb I sanctified thee, and I ordained thee." (KJV)).

24. Plaintiff also has sincerely held religious beliefs that every child's life is sacred because they are made in the image of God. *See Genesis* 1:26-27 ("Let us make man in our image, after our likeness . . . So God created man in his own image; in the image of God created he him; male and female created he them." (KJV)).

25. Plaintiff also has sincerely held religious beliefs that because life is sacred from the moment of conception, the killing of that innocent life is the murder of an innocent human in violation of Scripture. *See, e.g.*, *Exodus* 20:13 ("Though shalt not kill." (KJV)); *Exodus* 21:22-23 (setting the penalty as death for even the accidental killing of an unborn child); *Exodus* 23:7 ("the innocent and righteous slay thou not, for I will not justify the wicked." (KJV)); *Genesis* 9:6 ("Whoso sheddeth a man's blood, by man shall his blood by shed: for in the image of God made he man." (KJV)); *Deuteronomy* 27:25 ("Cursed be he that taketh reward to

slay an innocent person." (KJV)); *Proverbs* 6:16-17 ("These six things doth the Lord hate: yea, seven are an abomination to him . . . hands that shed innocent blood." (KJV)).

26. Plaintiff has sincerely held religious beliefs, rooted in the Scriptures listed above, that anything that condones, supports, justifies, or benefits from the taking of innocent human life via abortion is sinful, contrary to the Scriptures, and must be denounced, condemned, and avoided altogether.

27. Plaintiff has sincerely held religious beliefs, rooted in the Scriptures listed above, that it is an affront to Scripture's teaching that all life is sacred for Plaintiffs to use a product derived from or connected in any way with abortion.

28. Plaintiff's sincerely held religious beliefs, rooted in the above Scriptures, precludes her from accepting any one of the three currently available COVID-19 vaccines, because all three vaccines were derived from, produced, manufactured by, tested on, developed with, or otherwise connected to aborted fetal cell lines.

29. Plaintiff has sincerely held religious objections to the Johnson & Johnson (Janssen Pharmaceuticals) vaccine because it unquestionably used aborted fetal cells lines to produce and manufacture the vaccines.

30. As reported by the North Dakota Department of Health, in its handout literature for those considering one of the COVID-19 vaccines, "[t]he non-replicating viral vector vaccine produced by Johnson & Johnson **did require the use of fetal cell cultures, specifically PER.C6, in order to produce and manufacture the vaccine**." *See* North Dakota Health, *COVID-19 Vaccines & Fetal Cell Lines (April 20, 2021), available at https://www.health.nd.gov/sites/www/files/documents.*

31. The Louisiana Department of Health likewise confirms that the Johnson & Johnson COVID-19 vaccine, which used PER.C6 fetal cell line, "is a retinal cell line that was **isolated from a terminated fetus in 1985**." Louisiana Department of Public Health, *You Have Questions, We Have Answers: COVID-19 Vaccine FAQ* (Dec.12, 2020), *available at* https://ldh.la.gov/assets/oph/Center-PHCH/Center-PH/immunizations/You_Have_Qs_COVID-  19_Vaccine_FAQ.pdf (emphasis added).

32. Scientists at the American Association for the Advancement of Science have likewise published research showing that the Johnson & Johnson vaccine used aborted fetal cell lines in the development and production phases of the vaccine. *Meredith Wadman*, *Vaccines that use human fetal cells draw fire*, Science (June 12, 2020).

33. Plaintiff also has sincerely held religious objections to the Moderna and Pfizer/BioNTech COVID-19 vaccines because both of these vaccines, too, have their origins in research on aborted fetal cells lines.

34. As reported by the North Dakota Department of Health, in its handout literature for those considering one of the COVID-19 vaccines, the Moderna and Pfizer mRNA vaccines are ultimately derived from research and testing on aborted fetal cell lines. In fact, "[e]arly in the development of mRNA vaccine technology, **fetal cells were used for 'proof of concept' (to demonstrate how a cell could take up mRNA and produce the SARS-CoV-2 spike protein) or to characterize the SARS-CoV-2 spike protein**." *See* North Dakota Health, *COVID-19 Vaccines & Fetal Cell Lines* (Apr. 20, 2021).

35. The Louisiana Department of Health's publications again confirmed that aborted fetal cells lines were used in the "proof of concept" phase of the development of their COVID-19 mRNA vaccines. Louisiana Department of Public Health, *You Have Questions, We Have Answers: COVID-19 Vaccine FAQ* (Dec. 12, 2020).

36. Because all three of the currently available COVID-19 vaccines are developed and produced from, tested with, researched on, or otherwise connected with the aborted fetal cell lines HEK-293 and PER.C6, Plaintiff's sincerely held religious beliefs compel her to abstain from obtaining or injecting any of these products into her body, regardless of the perceived benefit or rationale.

37. In addition, Plaintiff has sincerely held religious beliefs that her body is the temple of the Holy Spirit, and to inject medical products that have any connection whatsoever to aborted fetal cell lines would be defiling the Temple of the Holy Spirit. (*See 1 Corinthians* 6:15- 20 ("Know ye not that your bodies are the members of Christ? shall I then take the members of Christ and make them members of an harlot? God forbid. What? Know ye not that your body is the temple of the Holy Ghost which is in you, which have of God, and ye are not your own? For ye are bought with a price: therefore glorify God in your body, and in your spirit, which are God's." (KJV)).

38. While there may be some faith leaders and other adherents whose understanding of Scripture is different, and who may be willing to accept one of the three currently available COVID-19 vaccines despite their connection with aborted fetal cell lines, Plaintiff's sincerely held religious beliefs compel her to adhere to the truth that the testing, development, production, or other connection to aborted fetal

cell lines is morally and Scripturally unacceptable and an affront to Scripture's teachings that God values all human life, and that abortion – in all of its manifestations and with all of its so-called 'benefits' – is a grave sin in which Plaintiff cannot participate.

39. In addition to her sincerely held religious beliefs that compel her to abstain from any connection to the grave sin of abortion, Plaintiff has sincerely held religious beliefs that the Holy Spirit – through prayer and the revelation of Scripture – guides her in all decisions she makes in life.

40. Plaintiff, having these religious beliefs, had asked IPR for exemption and reasonable accommodation for these beliefs, but IPR has unlawfully and callously refused.

## C. PLAINTIFF'S WILLINGNESS TO COMPLY WITH ALTERNATIVE SAFETY MEASURES.

41. Plaintiff was at all times willing to comply with all other reasonable alternatives to compliance with IPR's Mandatory COVID-19 Vaccination Policy.

42. Plaintiff was willing to comply with all requirements to wear a mask, if necessary, as a part of the reasonable accommodation for her sincerely held religious objection to IPR's Mandatory COVID-19 Vaccination Policy.

43. Plaintiff was willing to comply with surveillance testing protocols as part of her reasonable accommodation for her sincerely held religious objection to IPR's Mandatory COVID-19 Vaccination Policy.

44. Plaintiff was willing to comply with all self-monitoring, self-reporting, or other reasonable safety protocols to monitor and report any sign of symptoms or other issues, as part of her reasonable accommodation for her sincerely held religious

objection to IPR's Mandatory COVID-19 Vaccination Policy.

45. Plaintiff was willing to comply with any reasonable request to accomplish her pursuit of obtaining a reasonable accommodation for her sincerely held religious objection to IPR's Mandatory COVID-19 Vaccination Policy.

46. Plaintiff was willing to comply with the terms and requirements of the various event venues visited by Defendant IPR's staff and/or employees. As a matter of fact, Plaintiff contacted each of the venues in question and all of them provided reasonable accommodations for religious exemptions.

### D. DEFENDANT'S UNLAWFUL REFUSAL TO HONOR PLAINTIFF'S RELIGIOUS EXEMPTION OR REASONABLE ACCOMODATIONS

47. Throughout her employment with the Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed her duties without significant issue or controversy.

48. However, during the time Plaintiff was employed by the Defendant, Plaintiff was subjected to unlawful acts of Discrimination, and was further subjected to different terms and conditions of employment, on basis of her sincere religious beliefs.

49. On or about March 14, 2022, Plaintiff submitted a Religious Exemption Form and requested special accommodations to her employer. Additionally, Plaintiff engaged in protected activity by complaining about religious discrimination in relation to discriminatory statements made by her employer with regards to unvaccinated individuals.

50. These complaints constituted protected activity under Federal and State law.

51. On or about March 15, 2022, Plaintiff was unlawfully terminated for having engaged in protected activity.

**COUNT I:**
**VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:**
**DISCRIMINATION BASED ON RELIGION**

52. Plaintiff ALINA PEREZ re-adopts each and every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

53. At all times material hereto, the Employer/Defendant IPR failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Religion, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's Race, Color, Religion, Religion, or National Origin."

54. Plaintiff holds sincere religious beliefs that preclude her from receiving a COVID-19 vaccine.

55. Plaintiff informed Defendant IPR of those beliefs and requested religious exemptions and reasonable accommodations from the vaccine mandate.

56. Defendant IPR failed to engage in the interactive process with Plaintiff regarding her religious accommodation requests.

57. Irrespective of the interactive process, IPR failed to provide Plaintiff with religious exemptions and reasonable accommodations, thereby discriminating against Plaintiff because of her sincerely held religious beliefs.

58. IPR's failure to provide religious exemptions and accommodations has harmed and will continue to harm Plaintiff.

59. By failing to engage in the interactive process or offer any reasonable accommodation, IPR's discriminatory actions were intentional and/or reckless and in violation of Title VII.

60. The Discrimination of Plaintiff by Defendant IPR was caused by Defendant being aware of Plaintiff's Religion.

61. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Religion.

62. At the time of the unlawful Discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

63. The Plaintiff was qualified for the position apart from her apparent Religion.

64. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

65. The failure of Defendant IPR to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

66. Defendant IPR, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her Religion in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

67. Plaintiff Perez was wrongfully discharged by the Defendant IPR, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified Discrimination against Plaintiff because of Plaintiff's Religion.

68. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

69. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant IPR is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Religion and complaints related to the unlawful acts of Discrimination.

70. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from Discrimination due to their Religion. Discrimination on the basis of Religion constitutes unlawful Discrimination.

71. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALINA PEREZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant IPR, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Religion.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant IPR to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation resulting from the employment Discrimination suffered.

E.  Award a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages,

G.  Award attorney's fees and costs.

JURY TRIAL DEMAND

Plaintiff ALINA PEREZ demands a trial by jury on all issues triable as of right by a jury.

**COUNT II:**
**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION**

72. Plaintiff ALINA PEREZ re-adopts each and every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

73. At all times material hereto, the Employer/Defendant IPR failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

74. Defendant, IPR is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to

retaliate against employees who oppose or participate in statutorily protected activity.

75. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

76. On or about March 14, 2022, Plaintiff submitted a Religious Exemption Form and requested special accommodations to her employer. Additionally, Plaintiff engaged in protected activity by complaining about religious discrimination in relation to discriminatory statements made by her employer with regards to unvaccinated individuals

77. These complaints constituted protected activity under Federal and State law.

78. On or about March 15, 2022, Plaintiff was unlawfully terminated for having engaged in protected activity.

79. Defendant IPR through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff on account of Plaintiff's complaints of Discrimination on basis of her Religion.

80. Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions and privileges of Plaintiff's employment.

81. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

82. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Discrimination on basis of her Religion.

83. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from Discrimination due to their Religion and Retaliation due to their complaints of unlawful Discrimination. Retaliation on the basis of having engaged in protected activity constitutes unlawful Retaliation.

84. As a result of the Retaliation, Plaintiff has incurred substantial monetary losses and has suffered emotional distress, embarrassment and humiliation.

85. Defendant IPR is subject to vicarious liability for the actions of its agents, because it failed to take adequate remedial measures to halt the Discrimination and Retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such Discrimination and Retaliation was occurring.

86. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALINA PEREZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful Retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D.  Order Defendant IPR to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation due to the Discrimination of Plaintiff and due to the retaliatory discharge;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

JURY TRIAL DEMAND

Plaintiff ALINA PEREZ demands a trial by jury on all issues triable as of right by a jury.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**
**DISCRIMINATION BASED ON RELIGION**

87. Plaintiff ALINA PEREZ re-adopts each and every factual allegation as stated in paragraphs 1-51 and above as if set out in full herein.

88. At all times material hereto, the Employer/Defendant IPR failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

   "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's Race,* Color*, Religion, Religion, National Origin, Age, Handicap, or Marital Status*"

89. Plaintiff holds sincere religious beliefs that preclude her from receiving a COVID-19 vaccine.

90. Plaintiff informed Defendant IPR of those beliefs and requested religious exemptions and reasonable accommodations from the vaccine mandate.

91. Defendant IPR failed to engage in the interactive process with Plaintiff regarding her religious accommodation requests.

92. Irrespective of the interactive process, IPR failed to provide Plaintiff with religious exemptions and reasonable accommodations, thereby discriminating against Plaintiff because of her sincerely held religious beliefs.

93. IPR's failure to provide religious exemptions and accommodations has harmed and will continue to harm Plaintiff.

94. By failing to engage in the interactive process or offer any reasonable accommodation, IPR's discriminatory actions were intentional and/or reckless and in violation of Title VII.

95. The Discrimination of Plaintiff Perez by Defendant IPR was caused by Defendant being aware of Plaintiff's Religion.

96. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Religion.

97. At all relevant times aforementioned, including the time of Discrimination, Defendant IPR was aware of Plaintiff's Religion.

98. At the time of the unlawful Discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

99. The Plaintiff was qualified for the position apart from her apparent Religion.

100.      The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

101.      The failure of Defendant IPR to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

102.     Defendant IPR through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff Perez on account of her Religion in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

103.     Plaintiff was unlawfully discharged by the Defendant IPR, and Plaintiff's discharge from employment was directly and proximately caused by the Defendant's unjustified Discrimination against Plaintiff because of Plaintiff's Religion.

104.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff Perez suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

105.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant IPR, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Religion and complaints related to the unlawful acts of Discrimination.

106.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from Discrimination due to their Religion. Discrimination on the basis of Religion constitutes unlawful Discrimination in violation of the Florida Civil Rights Act, Chapter 760.

107.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALINA PEREZ respectfully requests that this court order the following:

A.  Grant a permanent injunction enjoining Defendant IPR, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Religion;

B.  Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

C.  Reinstate full fringe benefits and seniority rights to Plaintiff;

D.  Order Defendant IPR to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff ALINA PEREZ demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT IV:</u>**
**<u>VIOLATION OF FLORIDA CIVIL RIGHTS ACT,</u>**
**<u>CHAPTER 760, FLORIDA STATUTES;   RETALIATION</u>**

108.    Plaintiff ALINA PEREZ re-adopts each and every factual allegation as stated in paragraphs 1-51 of this Complaint as if set out in full herein.

109.    This is an action against Defendant IPR for unlawful Retaliation under the Florida Civil Rights Act, Chapter 760, FL Statutes, and (FCRA).

110.     The FCRA contains an anti-Retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

111.     The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

> *"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

112.     Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Religion, and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

113.     Plaintiff Perez, while working for Defendant IPR, was subjected to Discrimination on the basis of her Religion.

114.     On or about March 14, 2022, Plaintiff submitted a Religious Exemption Form and requested special accommodations to her employer.  Additionally, Plaintiff engaged in protected activity by complaining about religious discrimination in relation to discriminatory statements made by her employer with regards to unvaccinated individuals.

115.     These complaints constituted protected activity under Federal and State law.

116.     On or about March 15, 2022, Plaintiff was unlawfully terminated for having engaged in protected activity.

117.     Defendant IPR through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights,

retaliated against Plaintiff Perez on account of Plaintiff's complaints of Discrimination on basis of her Religion.

118.     Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions and privileges of Plaintiff's employment.

119.     Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Discrimination on basis of her Religion.

120.     Defendant IPR's acts, through its agents, were done with malice and reckless disregard for Plaintiff's State protected civil rights.

121.     Defendant IPR is subjected to vicarious liability for the actions of its agents, because it failed to take adequate remedial measures to halt the Discrimination and Retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such Discrimination and Retaliation was occurring.

122.     As a direct and proximate result of the actions and omissions of Defendant Plaintiff Perez has suffered serious monetary losses, emotional distress, embarrassment and humiliation, and other losses including a violation of her statutory rights.

123.     Plaintiff has no plain, adequate, or complete remedy at law.  Plaintiff is still suffering, and will continue to suffer, irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

124.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALINA PEREZ respectfully requests that this Court order the following;

A.  Grant a permanent injunction enjoining Defendant IPR its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B.  Award Plaintiff a judgment against the Defendant IPR for compensatory damages as determined by the Trier of fact;

C.  Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D.  Enter Judgment for Punitive damages against Defendant IPR;

E.  Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff ALINA PEREZ demands a trial by jury on all issues triable as of right by a jury.

Dated:  February 28, 2023

Respectfully submitted,

By: _/s/ Zandro E. Palma___
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:     (305) 446-1500
Facsimile:      (305) 446-1502
**zep@thepalmalawgroup.com**
*Attorney for Plaintiff*